IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PERRY JEROME CHRISCO,           )
                                )
                  Petitioner,   )
                                )       1:12CV239
            v.                  )       1:06CR143-1
                                )
UNITED STATES OF AMERICA,       )
                                )
                  Respondent.   )

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Perry Jerome Chrisco, a federal prisoner, has brought a Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #20].  On October 5, 2006,

Petitioner was convicted of one count of distribution of cocaine base in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(A) (Count One) and one count of possession of a firearm after a felony

conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three).  He was then

sentenced to 240 months of imprisonment on the drug charge (Count One) and a concurrent

120 months of imprisonment on the firearm charge (Count Three).  Petitioner later filed the

present Motion [Doc. #20].

Petitioner raised the following eight claims for relief in his Motion: (1) his guilty plea was

unlawfully induced because he did not understand why he would receive a 240-month sentence

if he pled guilty, but a harsher sentence if he went to trial; (2) the shotgun used to support his

§ 922(g)(1) conviction was illegally obtained evidence; (3) the use of an Information of Prior

Conviction to enhance his sentence under 21 U.S.C. § 851 constituted double jeopardy; (4)

counsel provided ineffective assistance by failing to see that Petitioner understood the reasons

for the mandatory minimum sentence before pleading guilty; (5) the sentencing enhancement under § 851 was invalid because it was based on a state conviction that was not punishable by more than one year of imprisonment; (6) the trial court did not have "jurisdiction" to use the prior conviction to enhance Petitioner's sentence; (7) the trial court used "unreliable information and evidence" to support the § 851 enhancement; and (8) the Government did not seek a sentencing reduction under Federal Rule of Criminal Procedure 35 even though Petitioner gave information leading to the convictions of two other persons. Although Petitioner did not make it clear at the time he filed his Motion, he later clarified in his Reply brief that he was relying on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to argue that his sentence was invalid because the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was not properly supported. Petitioner also added in that brief that he should be retroactively sentenced under the Fair Sentencing Act of 2010.

The Government initially opposed the § 2255 Motion on the grounds that it was barred by the applicable statute of limitations and, partially, by a waiver contained in Petitioner's plea agreement. However, the Government then filed a Supplemental Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government conceded that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction. Further, although Petitioner did not cite Simmons in attacking his § 922(g)(1) conviction in Count Three, the Government

2

also conceded that the prior North Carolina conviction alleged in the Indictment as supporting the § 922(g) charge, which was the same conviction used in the Information of Prior Conviction, would not qualify as a predicate felony conviction under § 922 in light of <u>Simmons</u>. It did not initially make an explicit concession that the conviction should be vacated, but later did so in an Amended Second Supplemental Response filed following an Order to provide further briefing.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply, and has specifically elected not to enforce the waiver contained in the Plea Agreement that otherwise waived Petitioner's right to file an appeal or a post-conviction motion.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's § 922(g) conviction should be vacated and that he should be resentenced.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); <u>Wood v. Milyard</u>, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); <u>see also</u> <u>Yeatts v. Angelone</u>, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that <u>Simmons</u> applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The Government's position would include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of <u>Simmons</u>, and the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), based on an enhanced range of 20 years to life, rather than the otherwise-applicable range of 10 years to life, and if the enhanced mandatory minimum was above the otherwise-applicable sentencing range under the United States Sentencing Guidelines. Moreover, the Court notes that the Government has conceded that Petitioner's § 922(g) conviction should be vacated, and that resentencing is appropriate in this case. Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. <u>See</u> <u>United States v. Hadden</u>, 475 F.3d 652, 669-72 (4th Cir 2007). Thus, in the present case, in light of the Government's agreement that Count Three should be vacated, and in light of the sentencing issues that have been raised and the Government's agreement that resentencing is necessary, it would be appropriate to set this case for resentencing to resolve any remaining sentencing issues.

In taking these positions, the Government has agreed that <u>Simmons</u> announced a new substantive rule
(continued...)

3

The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information and the Indictment, and the Court notes that Petitioner's prior conviction was a Class H felony with a prior record level of III, sentenced within the presumptive range. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was not more than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009).

Thus, Petitioner is entitled to relief on his claims that his conviction on Count Three is invalid and that he should be resentenced as to his conviction under Count One. The Court notes that other claims raised in Petitioner's Motion would call even his conviction as to Count One into question. However, following an Order from the Court to clarify his position on those claims, Petitioner filed a *pro se* Motion to Withdraw Claims and Proceed on the Basis of the

---

[2](...continued)
of criminal law. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). The Government has nevertheless taken the position that the decision in Simmons, unlike Carachuri, announced a new substantive rule of criminal law. Id.; see also United States v. Miller, Case No. 13-6254 (4th Cir.), Appellee's Brief filed March 29, 2013. However, in several recent unpublished decisions, the Court of Appeals for the Fourth Circuit has indicated that pursuant to Powell, Simmons is not retroactively applicable on collateral review. See, e.g., United States v. Peters, 2013 WL 1943801 (4th Cir. May 13, 2013). To the extent that Simmons may be considered a procedural rule not retroactively applicable on collateral review under Teague v. Lane, the Court notes that the Teague rule is not jurisdictional and may be waived if not raised. See, e.g., Collins v. Youngblood, 497 U.S. 37, 41 (1990) ("Although the Teague rule is grounded in important considerations of federal-state relations, we think it is not 'jurisdictional' in the sense that this Court, despite a limited grant of certiorari, must raise and decide the issue *sua sponte*."); Godinez v. Moran, 509 U.S. 389, 397 n.8 (1993); Schiro v. Farley, 510 U.S. 222, 229 (1994); Caspari v. Bohlen, 510 U.S. 383, 389 (1994) ("[A] federal court may, but need not, decline to apply Teague if the State does not argue it."); Frazer v. South Carolina, 430 F.3d 696, 704 n.3 (4th Cir. 2005). The Government has waived all such procedural bars in this case, which the Court construes as a waiver of any Teague bar that might apply if Simmons is construed as a procedural, rather than substantive, rule. Therefore, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

Government's Concession to the <u>Simmons</u> Claim [Doc. #43], and his attorney filed a Supplemental Reply [Doc. #44] agreeing with the Government's Amended Second Supplemental Response.[3] The Court will allow Petitioner's Motion to Withdraw, and all of the non-<u>Simmons</u> claims will be deemed withdrawn. Therefore, based on the parties' latest positions, Petitioner's § 2255 Motion should be granted as to his claims under <u>Simmons</u>, his conviction under Count Three should be vacated, and the matter should be set for resentencing as to Count One.

IT IS THEREFORE ORDERED that Petitioner's Motion to Withdraw Claims and Proceed on the Basis of the Government's Concession to the <u>Simmons</u> Claim [Doc. #43] is GRANTED.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #20] be GRANTED as to his claims under <u>Simmons</u>, that the Judgment [Doc. #10] be VACATED, that Count Three of the Indictment be DISMISSED, and that this matter be set for resentencing as to Count One of the Indictment.

This, the 2nd day of July, 2013.


_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge

---

[3] Counsel does state that the Fair Sentencing Act of 2010 and associated Guidelines Amendments will apply to Petitioner at the resentencing. The parties can address that issue at the resentencing.